UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | |
|---|---|
| **GEORGE & COMPANY, INC.,** | **CIVIL ACTION NO. 6:19-178-KKC** |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| **ARCH COAL, INC.,** | |
| Defendant. | |

\*\*\* \*\*\* \*\*\*

This matter is before the Court on Defendant Arch Coal, Inc.'s partial motion to dismiss Counts One, Three, Six, and Seven of Plaintiff George & Company, Inc.'s Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. (DE 25). For the following reasons, Defendant's motion (DE 25) is granted in part and denied in part.

**I.    Background**

On January 13, 2015, Defendant Arch Coal, Inc. entered into a contract with Plaintiff George & Company, Inc. (Am. Compl. ¶ 8.) Under the contract, Plaintiff agreed to provide sales, use, property, and excise tax services. (Am. Compl. ¶ 8.) In exchange for its services, Plaintiff was to receive a contingency fee equal to thirty percent of the total economic benefits that Defendant received because of Plaintiff's services. (Am. Compl. ¶ 8.)

On January 16, 2016, Defendant filed for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of Missouri. (Am. Compl. ¶ 9.) In the bankruptcy action, Plaintiff was not listed as a creditor. (Am. Compl. ¶ 9.)

1

On September 13, 2016, the Bankruptcy Court issued an order confirming the joint plan of reorganization under Chapter 11 (the "Confirmation Order" and the "Confirmation Plan"). (DE 25 at 3.) As per the parties' agreement, Defendant paid Plaintiff a thirty percent contingency fee on September 26, 2016, for a tax refund that Defendant had received. (Am. Compl. ¶ 16.) On October 5, 2016, the Confirmation Order and the Confirmation Plan became effective. (Am. Compl. ¶ 17; DE 25 at 3.)

Section 9.1 of the Confirmation Plan governs the rejection of executory contracts, stating:

> **Section 9.1   Rejection of Executory Contracts and Unexpired Leases**
>
> Pursuant to sections 365 and 1123 of the Bankruptcy Code, each executory contract and unexpired lease to which any Debtor is a party shall be deemed automatically rejected by the Debtors effective as of the Effective Date, except for any executory contract or unexpired lease that (i) has been assumed or rejected pursuant to an order of the Bankruptcy Court entered before the Effective Date, (ii) is the subject of a motion to assume or reject pending on the Effective Date, (iii) is assumed, rejected or otherwise treated pursuant to Section 9.3 of the Plan, (iv) is listed on Schedule 9.2(a) or 9.2(b) of the Plan or (v) as to which a Treatment Objection has been filed and properly served by the Treatment Objection Deadline. If an executory contract or unexpired lease either (x) has been assumed or rejected pursuant to an order of the Bankruptcy Court entered before the Effective Date or (y) is the subject of a motion to assume or reject pending on the Confirmation Date, then the listing of any executory contract or unexpired lease on the aforementioned schedules shall be of no effect.

(DE 25-1 at 130.) Additionally, Paragraph 75 of the Plan relates to the discharge of existing debts and claims against Defendant and provides as follows:

> 75. <u>Discharge of Claims and Termination of Interests.</u>  Except as otherwise specifically provided in the Plan or this Confirmation Order, the rights afforded in the Plan and the payments and distributions to be made thereunder shall discharge all existing debts of, and Claims against, the Debtors and shall terminate all Interests in the Debtors, as well as all interests of any kind, nature or description whatsoever in or against any of the Debtors or any of their assets or properties to the fullest extent permitted by section 1141 of the Bankruptcy Code. Except as otherwise specifically provided in the Plan or this Confirmation Order, immediately upon the occurrence of the Effective Date, all existing Claims against the Debtors and Interests in the Debtors shall be, and shall be deemed to be, discharged and terminated, and all holders of such

2

> Claims and Interests (and all representatives, trustees or agents on behalf of each holder) shall be precluded and enjoined for asserting against the Reorganized Debtors, their successors or assigns, or any of their assets or properties, any other or further Claim or Interest based upon any act or omission, transaction or other activity of any kind or nature that occurred prior to the Effective Date, whether or not such holder has filed a Proof of Claim and whether or not the facts or legal bases therefore were known or existed prior to the Effective Date. This Confirmation Order shall be a judicial determination of the discharge of all Claims against, liabilities of and Interests in the Debtors, subject to the occurrence of the Effective Date.

(DE 25-1 at 50-51.)

After Defendant filed the bankruptcy action, Plaintiff verbally agreed to continue to provide consulting services, review records, and conduct tax refund and tax credit assistance on a contingency fee basis for Defendant. (Am. Compl. ¶¶ 10, 63.) Through these services, Defendant sought to obtain tax refunds and credits that the State of Kentucky may owe Defendant and its affiliated entities. (Am. Compl. ¶ 10.) Again, Plaintiff was to receive a contingency fee equal to thirty percent of the total economic benefits that Defendant received because of Plaintiff's services. (Am. Compl. ¶ 11.) Defendant was also required to notify Plaintiff when it received any refunds, credits, reductions, or realized savings for calculation of the compensation fee. (Am. Compl. ¶ 29.) Further, if fees remained unpaid forty-five days after the date shown on the corresponding invoice, Plaintiff was entitled to charge 1% interest per month on those remaining fees. (Am. Compl. ¶ 30.)

Throughout the pendency of Defendant's bankruptcy action and after the Confirmation Order and the Confirmation Plan became effective, Plaintiff continued providing tax services to Defendant. (Am. Compl. ¶¶ 13, 18.) Defendant never advised or directed Plaintiff to discontinue its services. (Am. Compl. ¶ 13.) Thereafter, one of Defendant's affiliates designated Plaintiff as its "tax matters representative" with the Kentucky Revenue Cabinet. (Am. Compl. ¶ 18.) Plaintiff also performed auditing services for two of Defendant's affiliates. (Am. Compl. ¶ 19.) From March 2018 to March 2019,

3

Defendant and its affiliates made payments to Plaintiff for its services, including a $25,000 retainer. (Am. Compl. ¶¶ 21-24.) However, Plaintiff asserts that Defendant has not paid the total compensation fee that Defendant owes Plaintiff for obtaining tax refunds and credits for Defendant. (Am. Compl. ¶¶ 35, 42.)

Plaintiff initially brought this action against Defendant on July 25, 2019, claiming breach of contract, unjust enrichment, constructive trust, and promissory estoppel. (Compl. ¶¶ 7-43.) On April 2, 2020, Plaintiff filed the Amended Complaint, now bringing claims for breach of contract, unjust enrichment, constructive trust, promissory estoppel, breach of a verbal agreement, fraud, and equitable estoppel. (Am. Compl. ¶¶ 25-93.) On April 15, 2020, Defendant filed a partial motion to dismiss Plaintiff's breach of contract, constructive trust, fraud, and equitable estoppel claims pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 25.)

II.   Analysis

To survive a 12(b)(6) motion to dismiss for failure to state a claim, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In determining whether a complaint states a claim for the relief sought, courts "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Cagayat v. United Collection Bureau, Inc.*, 952 F.3d 749, 753 (6th Cir. 2020) (citations and quotation marks omitted).

4

## A. Breach of Contract

Defendant argues that, under Section 9.1 and Paragraph 75 of the Confirmation Plan,[1] its contract with Plaintiff constituted an executory contract, that contract was rejected, and the Confirmation Plan discharged any claims based on the rejection of that contract. (DE 25 at 6-9.) Therefore, Defendant contends that Plaintiff cannot maintain a breach of contract claim. (DE 25 at 9.)

Plaintiff responds that Defendant never listed or identified Plaintiff as a creditor in the Chapter 11 bankruptcy proceedings. (DE 27 at 7.) Plaintiff concedes that when the bankruptcy was filed, Plaintiff "was not yet entitled to payment for any services rendered" under the contract. (DE 27 at 2.) Nonetheless, Plaintiff maintains that Defendant "waived" the rejection of the contract and therefore, ratified the contract "by paying [Plaintiff] consistent with the contract's terms post-petition and by continuing to work with [Plaintiff] on a contractual basis post-petition." (DE 27 at 8.)

Pursuant to Section 1141(a) of the Bankruptcy Code, "the provisions of a confirmed plan bind the debtor . . . and any creditor . . . whether or not the claim or interest of such creditor . . . is impaired under the plan and whether or not such creditor . . . has accepted the plan." 11 U.S.C. § 1141(a). Therefore, a confirmed plan acts as a binding contract between a debtor, its creditors, and other entities. *See In re Chattanooga Wholesale Antiques, Inc.*, 930 F.2d 458, 463 (6th Cir. 1991); *In re Troutman Enters., Inc.*, 253 B.R. 8, 11 (B.A.P. 6th Cir. 2000); *see also Vergos v. Uncle Bud's, Inc.*, No. 3-97-0296, 1998 WL 652542, at *11 (M.D.

---

[1] In ruling on a motion dismiss, courts generally cannot consider matters outside of the pleadings but may consider "public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (citation and quotation marks omitted). Here, the Court may consider the Confirmation Plan that is attached as an exhibit to Defendant's motion to dismiss, as it is referenced in Plaintiff's complaint (Am. Compl. ¶ 17) and is central to Plaintiff's breach of contract claim.

Tenn. Aug. 17, 1998); *In re Victory Mkts., Inc.*, 221 B.R. 298, 303 (B.A.P. 2d Cir. 1998); *In re Nylon Net Co.*, 225 B.R. 404, 406 (Bankr. W.D. Tenn. 1998). Indeed, "[o]nce confirmed, the plan binds the debtor and all creditors, whether or not a creditor has accepted the plan." *In re Talon Auto. Grp., Inc.*, 284 B.R. 622, 625 (Bankr. E.D. Mich. 2002).

However, "[a]n important but seldom-occurring exception exists." *In re Newstar Energy of Texas, LLC*, 280 B.R. 623, 626 (Bankr. W.D. Mich. 2002). A confirmed plan will not bind a creditor if that creditor did not receive adequate notice of the bankruptcy proceedings. *Id.*; *see also In re HNRC Dissolution Co.*, Case No. 02-14261, 2018 WL 2970722, at *5 (Bankr. E.D. Ky. June 11, 2018) ("A party who fails to receive adequate notice is not bound by the terms of a . . . confirmation order [.]"). Specifically, whether a creditor received adequate notice depends on the creditor's status as an "unknown" or "known" creditor. *In re HNRC*, 2018 WL 2970722, at *6. An "unknown" creditor is one whose interests are "'either conjectural or future, or although they could be discovered upon investigation, do not in due course of business come to knowledge of the debtor.'" *Id.* (quoting *DePippo v. Kmart Corp.*, 335 B.R. 290, 296 (S.D.N.Y. 2005)). A creditor is "known" when that party's "'identity is either known or reasonably ascertainable by the debtor.'" *Id.* (quoting *DePippo*, 335 B.R. at 296). "A party's identity is reasonably ascertainable if it can be identified through reasonably diligent efforts," which "require a careful examination of a debtor's own books and records." *Id.* If a creditor is unknown, notice by publication may be adequate, but if a creditor is known, actual notice is required. *See id.*

Since Plaintiff was not listed as a creditor in Defendant's bankruptcy, the Court questions whether Plaintiff received adequate notice of the bankruptcy proceedings and thus, whether the Confirmation Plan binds Plaintiff. By Plaintiff's own concession, Plaintiff was "was not yet entitled to payment for any services rendered" under the contract when the

6

bankruptcy was filed. (DE 27 at 2.) Because Plaintiff was not yet entitled to payment from Defendant at the time of filing, Plaintiff's interests were merely conjectural, future interests. Further, Plaintiff's identity was not reasonably ascertainable because Defendant could not identify Plaintiff as a creditor through reasonably diligent efforts. An examination of Defendant's records would not yet show that Defendant owed Plaintiff for services rendered under the contract since Plaintiff was not yet entitled to payment. Thus, Plaintiff was an unknown creditor.

However, "[w]hether a party received adequate notice is a fact-specific inquiry and depends on the totality of the circumstances." *In re HNRC*, 2018 WL 2970722, at *6. Here, neither party addressed whether Plaintiff received notice of the bankruptcy proceedings or if that notice was adequate. Accordingly, the Court finds that the fact-bound determination of whether Plaintiff received adequate notice of the bankruptcy proceedings such that the Confirmation Plan binds Plaintiff is inappropriate at the motion to dismiss stage.[2]

Plaintiff otherwise states a plausible breach of contract claim. "To prove a breach of contract, the complainant must establish three things: 1) existence of a contract; 2) breach of that contract; and 3) damages flowing from the breach of contract." *Metro Louisville/Jefferson Cty. Gov't v. Abma*, 326 S.W.3d 1, 8 (Ky. Ct. App. 2009). Plaintiff alleges that Plaintiff and Defendant entered into a contract pursuant to which Plaintiff was to provide consulting services, review records, and conduct tax refund and tax credit assistance on a contingency fee basis. (Am. Compl. ¶¶ 26-27; Am. Compl., Ex. 1.) Plaintiff further alleges that Defendant breached this contract by failing to pay $233,502.18 to Plaintiff for the tax credits and refunds that Plaintiff obtained for Defendant under that contract. (Am.

---

[2] Plaintiff's *actual knowledge* of the bankruptcy proceedings is irrelevant to whether creditor received adequate notice, *see In re Unioil*, 948 F.2d 678, 684 (10th Cir. 1991), and thus, whether the Confirmation Plan binds Plaintiff as a threshold matter.

Compl. ¶¶ 31, 33, 35, 38.) Plaintiff alleges that because of this breach, Plaintiff is entitled to damages equal to $233,502.18 and 1% interest per month until Defendant fully pays the amount due. (Am. Compl. ¶ 42.) Therefore, Plaintiff pleads sufficient factual content for the Court to reasonably infer that Defendant breached its contract with Plaintiff. *See Iqbal,* 556 U.S. at 678. Thus, Defendant's motion to dismiss Plaintiff's breach of contract claim is denied.

**B.     Constructive Trust**

Under Kentucky law, "the imposition of a 'constructive trust' is not a claim. It is merely a remedy." *Bewley v. Heady*, 610 S.W.3d 352, 357 (Ky. Ct. App. 2020). Thus, because constructive trusts do not operate as freestanding claims, the Court must dismiss Plaintiff's constructive trust claim. Accordingly, the Court grants Defendant's motion to dismiss Plaintiff's constructive trust claim.

**C.     Fraud**

Under Federal Rule of Civil Procedure 9(b), a plaintiff "alleging fraud . . . must state with particularity the circumstances constituting fraud[.]" Fed. R. Civ. P. 9(b). However, courts should not read Rule 9(b) as "'reintroduc[ing] formalities to pleading.'" *United States ex rel. Sheldon Kettering Health Network*, 816 F.3d 399, 408 (6th Cir. 2016) (quoting *United States ex rel. Bledsoe v. Cmty. Health Sys., Inc.*, 501 F.3d 493, 503 (6th Cir.2007)). Instead, Rule 9(b)'s purpose is to "ensure that the defendant possesses sufficient information to respond to an allegation of fraud." *Id.* (citation and quotation marks omitted). Accordingly, to fulfill Rule 9(b)'s requirements, a plaintiff must (1) specify the allegedly fraudulent statements; (2) identify the speaker; (3) plead when and where the statements were made; and (4) explain what made the statements fraudulent. *Republic Bank & Tr. Co. v. Bear Stearns & Co.*, 683 F.3d 239, 247 (6th Cir. 2012).

"Rule 9(b)'s fourth prong is more substantial than its three predecessors." *859 Boutique Fitness LLC v. Cyclebar Franchising, LLC*, Civil Action No. 5:16-CV-018-KKC, 2016 WL 2599112, at *4 (E.D. Ky. May 5, 2016), *aff'd*, 699 F. App'x 457 (6th Cir. 2017). Courts determine whether a given representation is "fraudulent" by referencing the legal basis for that claim. *Id.* Under Kentucky law, a fraudulent misrepresentation claim requires proof, by clear and convincing evidence, of the following:

> (1) that the declarant made a material representation to the plaintiff; (2) that this representation was false, (3) that the declarant knew the representation was false or made it recklessly, (4) that the declarant induced the plaintiff to act upon the misrepresentation, (5) that the plaintiff relied upon the misrepresentation, and (6) that the misrepresentation caused injury to the plaintiff.

*Flegles, Inc. v. TruServ Corp.*, 289 S.W.3d 544, 548-49 (Ky. 2009). "The misrepresentation . . . must relate to a past or present material fact." *Id.* at 549.

Here, in alleging fraud, Plaintiff fails to fulfill Rule 9(b)'s requirements. While Plaintiff sufficiently identifies allegedly fraudulent statements, Plaintiff does not identify the speaker of the allegedly fraudulent statements, plead when and where these statements were made, or explain what made these statements fraudulent.

Plaintiff identifies the allegedly fraudulent statements by claiming that "Defendant represent[ed] to [Plaintiff] that despite the Bankruptcy Action, [Plaintiff] would receive its full compensation for the Tax Reduction Services provided so long as [Plaintiff] continued working and providing the Tax Reduction Services." (Am. Compl. ¶ 78.) Plaintiff also alleges that "Defendant represented to [Plaintiff] . . . that the Bankruptcy Action would not have any detrimental effect on the full payment that would be owed to [Plaintiff] for the Tax Reduction Services to be provided." (Am. Compl. ¶ 78.)

However, Plaintiff does attempt to identify the speaker of the allegedly fraudulent statements anywhere in the Amended Complaint. *See Ross v. PennyMac Loan Servs. LLC*,

9

761 F. App'x 491, 495 (6th Cir. 2019) (fraud claim did not pass muster under Rule 9(b) where the plaintiff did not identify "who made the allegedly fraudulent statements on the [defendant corporation's] behalf"). In its response, Plaintiff states that it "dealt directly with only two people" from Defendant—Debbie J. Ranch and Douglas L. VanderKraats. (DE 27 at 16.) But "plaintiffs cannot . . . amend their complaint in an opposition brief or ask the court to consider new allegations (or evidence) not contained in the complaint." *Bates v. Green Farms Condo. Ass'n*, 958 F.3d 470, 483 (6th Cir. 2020). Plaintiff's references to two of Defendant's employees in its response to Defendant's motion to dismiss do not cure the deficiencies of its fraud allegations.

Nor does Plaintiff attempt to specify where the allegedly fraudulent statements were made. Plaintiff need not "identify the exact name or address of the location where the fraud occurred." *Loxodonta Aviation, LLC v. Delta Private Jets, LLC*, Civil Action No. CV 19-109-DLB-CJS, 2020 WL 4516829, at *7 (E.D. Ky. Aug. 5, 2020). However, Plaintiff "must provide some indication of the location of the misrepresentation." *Novolex Holdings, LLC v. Wurzburger*, Civil Action No. 19-145-DLB-CJS, 2020 WL 4758360, at *11 (E.D. Ky. Aug. 17, 2020). Here, the Amended Complaint is void of any mention of the location where the misrepresentations happened, falling short of Rule 9(b)'s requirements.

Further, Plaintiff does not specify when the allegedly fraudulent statements were made. Instead, Plaintiff merely alleges that "[t]hroughout the pendency of [Defendant's] Chapter 11 Missouri bankruptcy and thereafter," Defendant represented that Plaintiff would receive payments under the contract. (Am. Compl. ¶ 12.) But this vague allegation does not "sufficiently narrow down when [Defendant] made the misrepresentations for purposes of Rule 9(b) to allow [Defendant] to respond to the allegation[s] of fraud in a meaningful way." *See Loxodonta*, 2020 WL 4516829, at *7 (finding allegations that Defendant made representations "during the contracting period" and "before, during and after the business

relationship between the Parties commenced in July 2017" were insufficient under Rule 9(b)); *see also Cooper v. Team Wellness (Mental Health) Servs. Supervisor*, No. 18-1162, 2018 WL 7360647, at *1-2 (6th Cir. Oct. 11, 2018) (finding allegation that fraud occurred "during [Plaintiff's] employment with [Defendant], from July 11, 2011 to April 11, 2012" was insufficient); *Rautu v. U.S. Bank*, 557 F. App'x 411, 414 (6th Cir. 2014) (finding allegation that fraud occurred "during the entirety of the relationship in forming the contract" was insufficient).

Finally, in the Amended Complaint, Plaintiff does not explain what made the identified statements fraudulent. Defendant's allegedly fraudulent statements that Plaintiff "*would receive* its full compensation" and that "the Bankruptcy Action *would not have* any detrimental effect on the full payment that *would be owed* to [Plaintiff]" are future-oriented statements that are not actionable under Kentucky law. *Flegles*, 289 S.W.3d at 549 ("A mere . . . prediction may not be the basis of [a fraudulent misrepresentation] action.") (citation and quotation marks omitted). Therefore, Plaintiff does not sufficiently state a fraudulent misrepresentation claim.

Because Plaintiff fails to allege fraud with the requisite particularity under Rule 9(b), Defendant's motion to dismiss Plaintiff's fraud claim is granted.

**D.     Equitable Estoppel**

"'Equitable estoppel is a defensive doctrine founded on the principles of fraud[.]'" *Helm Co., LLC v. Al J. Schneider Co.*, Nos. 2013-CA-001192-MR, 2013-CA-001385-MR, 2014 WL 4802909, at *3 (Ky. Ct. App. Sept. 26, 2014) (quoting *Ping v. Beverly Enters., Inc.*, 376 S.W.3d 581, 594 (Ky.2012)). Thus, proving equitable estoppel is a "heavy burden." *Id*. A viable equitable estoppel claim must allege that the defendant made a material misrepresentation, and the plaintiff relied on that misrepresentation. *Fluke Corp. v.*

*LeMaster*, 306 S.W.3d 55, 62 (Ky. 2010). To establish that the defendant made a material misrepresentation, the plaintiff must show that the defendant:

> (1) [engaged] in conduct which amounts to a false representation or concealment of material facts, or, at least, which is calculated to convey the impression that the facts are otherwise than, and inconsistent with, those which the party subsequently attempts to assert; (2) [with] the intention, or at least the expectation, that such conduct shall be acted upon by, or influence, the other party or other persons; and (3) [with] knowledge, actual or constructive, of the real facts.

*Id*. Further, to show that the plaintiff relied on a material misrepresentation, the plaintiff must demonstrate on its own behalf:

> (1) lack of knowledge and of the means of knowledge of the truth as to the facts in question; (2) reliance, in good faith, upon the conduct or statements of the party to be estopped; and (3) action or inaction based thereon of such a character as to change the position or status of the party claiming the estoppel, to his injury, detriment, or prejudice.

*Id.*

Defendant appears to only contest whether the Amended Complaint satisfies the latter three elements, which bear on Plaintiff's reliance. (DE 25 at 15.) The Court finds that Plaintiff fails to properly plead that it relied on Defendant's alleged material misrepresentations and thus, fails to state a claim for equitable estoppel.

First, Defendant argues that Plaintiff "cannot show that it lacked the means of acquiring knowledge of the truth about [Defendant's bankruptcy]" because "it was intimately involved in [Defendant's] finances and taxes for a period of years and it was fully aware of the Bankruptcy." (DE 25 at 14-15.) Defendant misidentifies what Plaintiff claims to lack knowledge of. Plaintiff does not claim that it lacked knowledge of the bankruptcy. Rather, Plaintiff claims it "lacked the knowledge that it would not be paid by [Defendant] for the Tax Reduction Services" because of Defendant's alleged misrepresentations, failure to list Plaintiff as a creditor in the bankruptcy, and initial payments to Plaintiff. (Am. Compl. ¶ 89.) Therefore, Plaintiff sufficiently pleads that it lacked knowledge that Defendant would

12

not pay for the services Plaintiff rendered. However, Plaintiff asserts no facts to show that it lacked the means of acquiring knowledge that Defendant would not pay for its services. Indeed, Plaintiff fails to address this portion of the knowledge element at all in the Amended Complaint. Thus, Plaintiff does not adequately allege the first element required to plead Plaintiff's reliance.

Next, Defendant contends that Plaintiff has not "pointed to any specific conduct, whether act or omission, by any particular representative of [Defendant] upon which Plaintiff relied in good faith." (DE 25 at 16.) Regarding the good faith reliance element, Plaintiff pleads that it "in good faith, relied upon the actions, conduct, omissions and statements made by Defendant[.]" (Am. Compl. ¶ 90.) Elsewhere, Plaintiff alleges that Defendant "confirmed verbally" that Plaintiff would receive its contingency fee (Am. Compl. ¶ 12) and that Defendant paid Plaintiff for accrued contingency fees while the bankruptcy was pending and after the Confirmation Order was issued (Am. Compl. ¶¶ 16, 21-23.) Plaintiff further alleges that Defendant designated Plaintiff as its "tax matters representative" with the Kentucky Revenue Cabinet for one of Defendant's affiliates (Am. Compl. ¶ 18) and that Plaintiff handled audits for two of Defendant's affiliates at Defendant's direction (Am. Compl. ¶¶ 19-20.) Plaintiff additionally claims that Defendant never "direct[ed] or advise[d]" Plaintiff from discontinuing its services. (Am. Compl. ¶ 13.) Construing the complaint in Plaintiff's favor and considering the specific instances of conduct that Plaintiff identifies, this is enough to sufficiently allege that Plaintiff relied on Defendant's misrepresentations in good faith.

Finally, Defendant argues that Plaintiff has not "pled that it changed any of its actions based on [the bankruptcy] or its communications with Defendant." (DE 25 at 16.) In pleading the third element, Plaintiff alleges that it "relied upon and remained committed to, and expended substantial time and effort in providing the Tax Reduction Services and changed its position prejudicially, all to its injury, detriment, or prejudice." (Am. Compl. ¶ 91.)

13

Notably, Plaintiff does not allege facts specifying how it changed its position, why this change was prejudicial, or the exact injury, detriment, or prejudice resulting from this change. Given the particularly heavy burden that a plaintiff must meet in pleading equitable estoppel, such "formulaic recitation[s] of the elements of a cause of action will not" survive a motion to dismiss. *Twombly*, 550 U.S. 544 at 555. Thus, Plaintiff does not sufficiently plead the final element needed to establish reliance.

Because Plaintiff fails to plausibly allege the requisite elements for equitable estoppel, the Court grants Defendant's motion to dismiss Plaintiff's equitable estoppel claim.

### III. Conclusion

The Court hereby ORDERS that Defendant Arch Coal, Inc.'s partial motion to dismiss (DE 25) is GRANTED IN PART and DENIED IN PART as follows:

1. The motion is GRANTED as to Counts Three, Six, and Seven, and those claims are DISMISSED; and

2. The motion is otherwise DENIED as to Count One.

Dated March 04, 2021

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY